UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


IN RE:
JAMES BRONCE HENDERSON, III,
                    Debtor.
_____


VAN BUREN INDUSTRIAL INVESTORS; 6700
DEVELOPMENT ASSOCIATES,

                    Appellants,

vs.                                    Case No.  2:05-cv-108-FtM-29SPC
                                            Bankr. No. 02-16887-9P1

JAMES BRONCE HENDERSON, III,

                    Appellee.


_____


**OPINION AND ORDER**

        This matter comes before the Court on non-party Joann Henderson's Motion to Dismiss Pending Appeal as Moot (Doc. #14), filed on April 13, 2005.  Appellee filed a Notice of Joinder (Doc. #20), a Supplement (Doc. #23), and Second Supplement (Doc. #27). Appellants filed a Response to Pending Motions to Dismiss Appeal as Moot (Doc. #25) and Response to Second Supplement (Doc. #28).  The underlying appeal stems from the Order Confirming Chapter 11 Plan (Alternative B) of Third Amended Plan, the Order Denying Motion for Reconsideration and Clarification of Order on Confirmation of Third Amended Plan, as Modified, and the Amended Order on Confirmation of the Third Amended Plan, as Modified (Doc. #1, Attachments #1-#4).

The primary issue before the Court is whether the appeal of the Confirmed Plan is moot because the Debtor has taken substantial steps to implement the Plan approved by the Bankruptcy Court.  A preliminary issue is whether Joann Henderson has standing to bring the motion to dismiss.  Appellants assert that she does not, although they concede this is largely an academic matter because the Appellee has joined in the motion to dismiss.

**I.**

Mrs. Henderson is not a party to the bankruptcy proceedings of her husband, James Bronce Henderson, III.  She claims, however, to be a "person in interest" under 11 U.S.C. § 1109(b) and an "aggrieved person" because she was a co-debtor on a number of secured obligations, which have all been paid, and because she has agreed to contribute $525,000 to fund the Confirmed Plan as to unsecured creditors.

Chapter 11 defines a "party in interest" as "the debtor, the trustee, a creditors' committee, an equity security holder, or any indenture trustee."  11 U.S.C. § 1109(b).  Mrs. Henderson is none of these, and her standing therefore cannot be based on her status as a "party in interest."

A person has standing to appeal an order of the Bankruptcy Court if she is a "person aggrieved" by the order.  In re Westwood Cmty. Two Assoc., Inc., 293 F.3d 1332, 1335 (11th Cir. 2002).  This requires that the person have "a direct and substantial interest in

the question being appealed," and be "directly and adversely affected pecuniarily by the order." Westwood, 293 F.3d at 1335 (citations omitted).  This has been widely agreed to require the person to have a financial stake in the order being appealed, which requires that the order "diminishes their property, increases their burdens or impairs their rights."  Id. at 1335.

It is undisputed that the Confirmed Plan takes into account a $525,000 contribution of Mrs. Henderson to fund her husband's plan. Appellants assert that this is "not an act of goodwill by Mrs. Henderson," but rather is "a required payment under the Plan . . ." (Doc. #25, p. 4).  If this is correct, and Mrs. Henderson is "required" to make the payment, it seems clear that she has standing to challenge the order which compels her payment. Accordingly, the Court concludes that Mrs. Henderson does have standing to appeal.

## II.

Mrs. Henderson and Appellee assert that equitable mootness precludes this appeal.  Equitable mootness is "a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of the judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." Mac Panel Co. v. Virginia Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002).  "Central to a finding of mootness is a determination by an appellate court that it cannot grant

effective judicial relief. Put another way, the court must determine whether the reorganization plan has been so substantially consummated that effective relief is no longer available." <u>In re Club Assocs.</u>, 956 F.2d 1065, 1069 (11th Cir. 1992)(citations and internal quotation omitted). <u>See also In re Seidler</u>, 44 F.3d 945 (11th Cir. 1995). Substantial consummation is not alone sufficient to resolve the issue, since a court must consider all the circumstances of the case decide whether it can grant equitable relief. <u>Id</u>. The Court is not satisfied, after reviewing all the circumstances of the case, that Mrs. Henderson and appellee have shown that effective judicial relief is no longer available. Should this be the case, the Court has the ability to find the appeal moot when it addresses the merits of the appeal. E.g., <u>In re Saybrook Mfg. Co., Inc.</u>, 963 F.2d 1490 (11th Cir. 1992).

Accordingly, it is now

**ORDERED:**

1. Joann Henderson's Motion to Dismiss Pending Appeal as Moot (Doc. #14) is **DENIED.**

2. Appellee's Motion to Dismiss Pending Appeal as Moot (Doc. #20) is **DENIED.**

3. Appellee's Second Supplement (Doc. #27) shall be terminated as a pending motion.

4. Joann Henderson's Motion for Extension of Time to File Answer Brief (Doc. #21) is **GRANTED,** and the answer brief shall be

filed within **TWENTY (20) DAYS** of the date of this Opinion and Order.

     **DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of June, 2005.

                                     JOHN E. STEELE
                                      United States District Judge

Copies:
Counsel of record